UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS UNION LOCAL NO. 710 PENSION FUND, and JAMES E. DAWES and NEAL J. LONDON, Trustees, AND THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS UNION LOCAL NO. 710 HEALTH & WELFARE FUND, and JAMES E. DAWES and NEAL J. LONDON, Trustees,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION, a Delaware Corporation,<br><br>                    Defendant. | 13-cv-01844<br>The Honorable Charles Norgle<br><br>**Electronically filed** |

## MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

      Defendant The Bank of New York Mellon Corporation (the "Parent Corporation"), by and through its undersigned attorneys, respectfully submit this Motion to Dismiss the Complaint with Prejudice, together with the accompanying Memorandum of Law, incorporated herein, and the supporting Declaration of Rosaline Y. Chan, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, the Corporation states as follows:

      1.     This is an ERISA action seeking damages for losses Plaintiffs allege to have incurred as a result of their investments in a securities lending program administered by The Bank of New York Mellon (formerly The Bank of New York) ("BNY Mellon").

      2.     The Complaint fails as a matter of law because the Parent Corporation, a holding company and parent of BNY Mellon, is not a fiduciary to Plaintiffs with respect to the actions subject to complaint. The Complaint alleges that the fiduciary relationship arises from the

1

securities lending agreements between Plaintiffs and BNY Mellon, which granted sole discretion to BNY Mellon to administer their securities lending accounts. The Parent Corporation was not a party to those agreements, and the Complaint's allegations are legally insufficient to confer fiduciary status upon the Corporation.

3. The Complaint also fails to state a claim under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

4. The claim alleging a breach of the duty of loyalty pursuant to ERISA § 404 and the claim alleging violations of ERISA Section 406 also fail as a matter of law because they are time-barred.

WHEREFORE, Defendant respectfully moves for the dismissal of the Complaint with prejudice.

Dated: June 7, 2013
      Chicago, Illinois

Respectfully submitted,
/s/ Debra Bogo-Ernst
Debra Bogo-Ernst
MAYER BROWN
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600, Fax: (312) 701-7711
dernst@mayerbrown.com

Robin A. Henry (*pro hac vice* pending)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York
Tel: (914) 749-8200, Fax: (914) 749-8300
rhenry@bsfllp.com

W. Todd Thomas (*pro hac vice* pending)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd. Suite 1200
Fort Lauderdale, Florida 33301
Tel: 954-356-0011, Fax: (954) 356-0022
tthomas@bsfllp.com

        Rosaline Y. Chan (*pro hac vice* pending)
        BOIES, SCHILLER & FLEXNER LLP
        575 Lexington Avenue
        New York, New York 10022
        Tel.: (212) 446-2300, Fax: (212) 446-2350
        rchan@bsfllp.com

        *Attorneys for Defendant The Bank of New York Mellon Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Northern District of Illinois by using the CM/EF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/EF system.

Dated: June 7, 2013
       Chicago, Illinois

Respectfully submitted,

/s/ Debra Bogo-Ernst
Debra Bogo-Ernst
MAYER BROWN
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600, Fax: (312) 701-7711
dernst@mayerbrown.com